UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 09-cv-0841-MSK-KMT

PAUL R. SHEEHY,

Plaintiff,

v.

GOLDEN RULE INSURANCE CO.,

Defendant.

---

**REVISED STIPULATED PROTECTIVE ORDER**

---

The parties hereto, by and through their respective counsel, submit the following Stipulated Protective Order pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), and as grounds therefore state as follows:

1. In the course of this litigation it is anticipated that both parties will request access to information in which the parties or other individuals have some form of privacy interest, confidentiality interest, trade secret interest or privilege. The entry of this Protective Order is necessary to protect such information and to assure compliance with the privacy provisions of the HIPAA and with the Standards for Privacy of Individually Identifiable Health Information as set forth at 45 C.F.R. part 160 and part 164, and any other applicable rules or regulations promulgated there under by the U. S. Department of Health and Human Services. Accordingly, the parties have entered into this Stipulated Protective Order and request that the Court enter this Stipulated Protective Order to prevent the unnecessary disclosure of confidential information except as set forth herein.

2. The disclosure of documents pursuant to a party's initial disclosure obligations under Rules 16 and 26 of the Federal Rules of Civil Procedure or any scheduling order entered in this case, and the disclosure of documents in response to discovery requests under Rules 33 and 34 of the Federal Rules of Civil Procedure is the provision of information "required by law" as that phrase is used in 45 C.F.R. §164.512.

3. The following terms used in this Protective Order shall have the meanings ascribed to them below:

    a. "Document" means a writing, as defined in F.R.E. 1001 and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, magnetic impulse,

mechanical or electrical recording, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.. A draft or non-identical copy is a separate document within the meaning of this term. Documents may include without limitation, answers to interrogatories, responses to requests for production, responses to requests for admission, depositions, and other information disclosed pursuant to the disclosure or discovery rules.

    b.  "Health Information" shall have the same meaning as the term "health information" in 45 C.F.R. 160.103, including the subset of "Individually Identifiable Health Information" as similarly defined 45 C.F.R. 160.103, but limited to the information created or received by a party to this action.

    c.  "Privacy Rule" shall mean the Standards for Privacy of Individually Identifiable Health Information at 45 C.F.R. part 160 and part 164, subparts A and H.

  4.  Health Information and Documents containing Health Information shall be deemed to have been disclosed as required by law if such information is within the scope of the initial disclosure obligation of a party to this lawsuit, or if such information is otherwise within the scope of discovery authorized by Rule 26 of the Federal Rules of Civil Procedure or any scheduling order entered in this case.

  5.  Either party may designate a Document as confidential provided that an attorney has reviewed the Document and the reviewing attorney has a good faith belief that the information in the Document is entitled to protection based upon some form of privacy interest, confidentiality interest, trade secret interest, or privilege, or because the document contains Health Information. The signature of a party's attorney on a disclosure or on responses to written discovery requests shall constitute the attorney's certification that the attorney has complied with the above requirements with respect to any documents disclosed or produced with that disclosure or discovery response that are marked confidential. If any document is designated as confidential, then each page of such document shall be plainly and clearly marked "confidential" by the party designating it as such. Deposition transcripts or portions thereof may also be designated confidential. Such designation shall be made on the record during the deposition whenever possible, but a party may designate a deposition transcript or portions thereof as confidential by providing written notice of the designation to all counsel of record within thirty days after notice by the court reporter of the completion of the transcript.

  6.  Each party who/that receives Health Information or Documents containing Health Information, regardless of whether such documents are stamped confidential, shall use appropriate safeguards to prevent the use or disclosure of the Health Information other than in connection with this lawsuit, shall mitigate, to the extent

2

practicable, any harmful effect that is known or reasonably foreseeable to such party arising from the use or disclosure of Health Information, and shall otherwise comply with the Privacy Rule.

      7.     Either party may object to a designation of a Document as confidential by giving written notice to the party designating the disputed document. For Documents disclosed after the date this Protective Order is signed by the Court, such written objection must be made within ten business days of the receipt of the disputed Document. If such written objection is not made within ten business days after the receipt of the disputed Document any objection to the designation is waived. For Documents disclosed before the date this Protective Order is signed by the Court, such written objection must be made within ten business days of the date of the Court's signature. If such written objection is not made within ten business days after the date of the Court's signature any objection to the designation is waived. The written objection shall identify the disputed Documents and the basis for the dispute. If the parties cannot resolve the written objection it shall be the obligation of the objecting party to file an appropriate motion requesting that the Court determine whether the disputed Document should be subject to the terms of this Protective Order. Such motion must be filed within fifteen business days after the mailing of the written objection. If no such motion is timely filed, the Document shall remain confidential and any objection to the designation is waived. If such a motion is timely filed, the disputed Document shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the Document as confidential shall bear the burden of establishing the basis for that designation.

      8.     Any material designated confidential shall be used solely for the purposes of this action, and shall not, without the consent of the party producing it or further Order of the Court, be made available or disclosed to persons other than "qualified persons." "Qualified person" as used herein means:

      a.     The parties and officers, directors or employees of a party;

      b.     Attorneys actively working on this case and persons regularly employed or associated with the attorneys actively working on the case;

      c.     Expert witnesses and consultants retained in connection with this proceeding;

      d.     Court officials involved in this action, including the Court and its staff, court reporters, persons operating video recording equipment at depositions, and any Special Master or Referee appointed by the Court;
and

> e. Actual or potential deposition witnesses or trial witnesses in this action.

9. If a Document is designated confidential and is submitted to the Court, it shall be submitted under seal.

10. Any qualified person provided with confidential documents shall be informed of this stipulated Protective Order and shall be subject to its terms.

11. At the conclusion of the case, unless other arrangements are agreed upon, each Document and all copies thereof which have been designated confidential shall be returned to the party who designated it confidential, or the parties may mutually agree to destroy confidential documents. Where the parties agree to destroy confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. This Protective Order shall bind the parties and their attorneys as soon as it is signed by attorneys for both parties, and it shall be submitted to the Court to be made an Order of the Court. The Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 27th day of May, 2010.

BY THE COURT:

Dated this 24th day of May, 2010

Kathleen M Tafoya
United States Magistrate Judge

| Bachus & Schanker, LLC | Hensley, Kim & Holzer, LLC |
|---|---|
| *s/Angela E. McGraw* | *s/Gillian McKean Bidgood* |
| Angela E. McGraw, Esq. | Gillian McKean Bidgood, Esq. |
| 1400 16th Street, Suite 450 | 1660 Lincoln Street, Suite 3000 |
| Denver, CO 80202 | Denver, CO 80264 |
| Phone: (303) 893-9800 | Phone: (720) 377-0770 |
| Fax: (303) 893-9900 | Fax: (720) 377-0777 |